UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| **JAMES WILLIAMS, IV,** | : | Case No. 2:22-cv-4205 |
| Petitioner, | : | |
| vs. | : | **Judge Sarah D. Morrison** |
| | : | **Magistrate Judge Chelsey M. Vascura** |
| **SHERIFF, GREENE COUNTY ADULT DETENTION CENTER,** | : | |
| Respondent. | : | |

### REPORT AND RECOMMENDATIONS

James Williams, IV, has filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241." (ECF No. 1.) Therein, he alleges the denial of his rights to a speedy trial, a reasonable bond, due process, and self-representation. (*Id*.) The matter is before Court for a preliminary review of the Petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court (the "Habeas Rules," applicable to this § 2241 Petition under Rule 1(b)). For the reasons that follow, the undersigned **RECOMMENDS** that this Court **DISMISS** the Petition.

I.   BACKGROUND

Petitioner is a pretrial detainee. (ECF No. 1, PageID 1.) At the time this Petition was filed, he was detained at the Greene County Adult Detention Center, awaiting trial in the Greene County, Ohio, Court of Common Pleas. (*Id*. (citing Case Nos. 2022CR0190 and 2022CR0313—hereinafter, the "Criminal Cases").)

Petitioner alleges that the Criminal Cases should have been dismissed because of the State's failure to prosecute him by the "90th day," or October 6, 2022. (ECF No. 1, PageID 2.)

Instead, on October 6, 2022, the Greene County Court found him incompetent to stand trial and committed him to Summit Behavioral Healthcare.  (*Id.*, PageID 1-2.)  Petitioner alleges this was part of a "scheme" or "tactic" to extend his 90-day speedy trial deadline.  (*Id.*)

Petitioner appealed the Greene County Court's October 6, 2022 entry.  (ECF No. 1, PageID 2 (citing Case No. 2022-CA-55—hereinafter, the "Criminal Appeal").)  That appeal is currently pending.  (*Id.*)

Petitioner sought habeas corpus relief in this Court shortly thereafter in a separate case. (ECF No. 1, PageID 3-4.)  *See* Case No. 2:22-cv-3822.  His "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" filed in Case No. 2:22-cv-3822 is being resolved separately.  Petitioner submitted the "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" that instituted this case on November 15, 2022.  (ECF No. 1, PageID 9.)  It was received by the Clerk of Court and filed on November 18, 2022.

In his § 2241 Petition, Petitioner seeks an immediate dismissal of the charges against him and his immediate release from custody.  (ECF No. 1, PageID 8.)

## II. STANDARD OF REVIEW

Pursuant to Rule 4 of the Habeas Rules, the Court must conduct a preliminary review of a petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  If it does so appear, the petition must be dismissed.  *Id.*  Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions that contain "factual allegations that are palpably incredible or false." *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  Here, it plainly appears that Petitioner is not entitled to relief in this case because the conditions for *Younger* abstention are present, no relevant exceptions apply, and Petitioner has not exhausted his state-court remedies.

### III. ANALYSIS

A pretrial detainee may, under some circumstances, seek federal habeas corpus relief under 28 U.S.C. § 2241. The United States Court of Appeals for the Sixth Circuit has explained that this avenue for relief is limited by the *Younger* abstention doctrine:

> Under *Younger v. Harris*, 401 U.S. 37, 45 (1971), "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution," *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). Because "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights," *Kugler v. Helfant*, 421 U.S. 117, 124 (1975), federal courts may intervene only in "extraordinary circumstances," *Younger*, 401 U.S. at 53, such as when the prosecution is done in bad faith or to harass or when the state criminal law is flagrantly unconstitutional, *see id.* at 53-54.

*Patton v. Bonner*, No. 20-5531, 2021 WL 2026933, at *2 (6th Cir. Apr. 7, 2021). "Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties." *Atkins v. Mich.*, 644 F.2d 543, 546 (6th Cir. 1981).

This Court may abstain under *Younger* where "there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Nimer v. Litchfield Twp. Bd. of Tr.*, 707 F.3d 699, 701 (6th Cir. 2013) (citing *Habich v. Dearborn*, 331 F.3d 524, 530 (6th Cir. 2003)).

The conditions for abstention are present here. Both the Criminal Cases and the Criminal Appeal were pending in state court on November 15, 2022, when this § 2241 Petition was submitted.[1] (ECF No. 1, PageID 1-2.) *See Nimer*, 707 F.3d at 701 (referring to the "day-of-

---

[1] Under the "prison mailbox rule," and in the absence of evidence to the contrary, the Petition is considered filed as of November 15, 2022. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("Under this relaxed filing standard, a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court. . . .

filing" rule). A review of the dockets confirms this. *See* Online Docket Sheets of the Criminal Cases and the Criminal Appeal, available by name or case number search at https://courts.greenecountyohio.gov/eservices/ (accessed Dec. 14, 2022).[2]

These cases also involve important state interests; "the prosecution of crimes implicates the important state interests of interpreting statutes and maintaining law and order within a state." *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020). Finally, there is no indication that these state cases would not provide Petitioner an adequate opportunity to raise his claims. In particular, these issues appear to be squarely before Ohio's Second District Court of Appeals in the Criminal Appeal, as Petitioner says that he raises in his Criminal Appeal all the issues raised herein. (ECF No. 1, PageID 2.) The state appellate court has granted Petitioner leave to appeal and recently appointed counsel to represented him in the appeal. *See* Online Docket Sheet, Case No. 2022-CA-0055 (Nov. 4, 2022 and Dec. 2, 2022

---

Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint.").

[2] Case No. 2022 CR 0190 (charging possession of controlled substances) was instituted on May 16, 2022, and remains unresolved.

Case No. 2022 CR 0313 (charging aggravated arson) was instituted on July 15, 2022, and remains unresolved. The docket contains a notation on October 6, 2022, that says:

> JUDGMENT ENTRY (FINDING INCOMPETENT-RESTORABLE) FILED; DEFENDANT IS INCOMPTETENT TO STAND TRIAL AT THIS TIME AND HE IS CURRENTLY INCAPABLE OF UNDERSTANDING THE NATURE AND OBJECTIVE OF THE PROCEEDINGS AGAINST HIM AND INCAPABLE OF ASSISTING IN HIS DEFENSE. THERE IS A SUBSTANTIAL PROBABILITY DEFENDANT CAN BE RESTORED TO COMPETENCY WITHIN THE STATUTORY TIME LIMITS PURSUANT TO ORC 2945.35C. IT IS THEREFORE A ORDERED THAT THE DEFENDANT SHALL BE TRANSPORTED BY THE GREENE COUNTY SHERIFF TO THE OHIO DEPARTMENT OF MENTAL HEALTH - SUMMIT BEHAVIORAL HEALTHCARE OF RESTORATION TREATMENT[.]

Case No. 2022 CA 0055 (appealing the October 6 entry) was instituted on October 17 or 18, 2022, and remains unresolved.

This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

orders). Although Petitioner criticizes the state trial court's handling of his requests for relief (ECF No. 1, PageID 7), there is no indication that the state appellate court cannot or will not consider his claims in the ordinary course of the appeal.

Moreover, there are no extraordinary circumstances presented here that would warrant consideration of this Petition. *See Folley,* 2020 WL 9813535, at *2 (so finding where the petitioner, like Petitioner here, was found to be incompetent to stand trial and was committed for treatment to restore competence, and then filed his § 2241 habeas corpus petition alleging the denial of a speedy trial, among other things). Accordingly, the undersigned concludes that this Court should abstain from considering the merits of this pre-trial § 2241 petition.

The Sixth Circuit "has recognized three exceptions [to abstention] that permit a federal court to consider a pre-trial habeas petition." *Folley,* 2020 WL 9813535, at *2. They are: (1) where "the petitioner seeks a speedy trial, and available state-court remedies have been exhausted;" (2) where "the petitioner seeks to avoid a second trial on double jeopardy grounds;" and (3) where "the petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial." *Id*. (citations omitted).[3]

Petitioner is not facing a second trial or retrial, thus the second and third exceptions do not apply. The first exception, that "the petitioner seeks a speedy trial, and available state-court remedies have been exhausted," is potentially relevant but is not satisfied here. That is, here Petitioner seeks *release* from custody rather than to be provided with a speedy trial, and he has not exhausted his state-court remedies.

---

[3] The Sixth Circuit appears to have also recognized that an argument concerning the denial of a reasonable bond may also be available prior to trial, where a petitioner has exhausted his state-court remedies. *See Atkins*, 644 F.2d at 549. Here, the Online Docket Sheets reflect that Petitioner was released for a time on an own recognizance bond in the first Criminal Case (possession of controlled substances), before being arrested in the second Criminal Case (aggravated arson). It is not clear how bond was handled in the second Criminal Case, although it appears that a bond hearing was scheduled and rescheduled more than once before competency became an issue. The analysis concerning the exhaustion of remedies, below, applies to this claim.

The Sixth Circuit has held that release "from custody and dismissal of the indictment for [an] alleged speedy trial violation . . . *cannot be attained by way of a pretrial § 2241 petition*." *Folley*, 2020 WL 9813535, at *2 (emphasis added).  In contrast, a request "that the state be ordered to grant [petitioner] his right to a prompt trial . . . may be considered by pretrial habeas corpus, provided the state courts have had an opportunity to resolve the issue." *Atkins*, 644 F.2d at 548.  *See also Humphrey v. Plummer*, 840 F.Supp.2d 1040, 1043 (S.D. Ohio Dec. 9, 2011) (observing the distinction between "a defendant disrupting the orderly functioning of a state's judicial process as opposed to enforcing his right to have the state bring him promptly to trial.") (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 227 (5th Cir. 1987)).

Here, Petitioner seeks release from custody and dismissal of the charges against him.  His request for relief in the Petition states as follows:

> "An immediate dismissal of my charges" for States failure to Prosecute As of Oct. 6, 2022 and "An immediate order for my release from Greene Co. Adult Detention Center or Summit Behavioral Heath if I end up shipped there before this Court issues ruling."

(ECF No. 1, PageID 8; *see also* ECF No. 1, PageID 3 (noting that he is "confident this Court will intervene & set me free.").)  Because Petitioner seeks only release and dismissal of the charges against him, the exception that might allow this Court to consider his Petition does not apply. *See Pruitt v. Ohio*, No. 1:10-cv-313, 2010 WL 2607246, at *2 (S.D. Ohio May 19, 2010), *report and recommendation adopted*, 2010 WL 2620804 (S.D. Ohio June 25, 2010) (federal intervention to consider speedy trial claim was inappropriate where the petitioner "does not seek a prompt trial date to ensure enforcement of his constitutional right, but rather asserts the claim as an affirmative defense in an effort to overturn the criminal charges brought against him").

In addition, Petitioner has not exhausted his state-court remedies.  "Habeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this

usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips v. Ct. of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 810 (6th Cir. 2012) (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008)). As noted above, Petitioner's Criminal Cases and Criminal Appeal are pending in state court. (*See also* ECF No. 1, PageID 2.) The issues presented in the Petition are currently under review by the state appellate court. (*Id.*) His state-court remedies are therefore not exhausted, and this Court cannot proceed to consider his claims.[4]

The undersigned concludes that the conditions for abstention exist here, and that no recognized exceptions apply here. Although Petitioner raises a speedy trial claim here, he seeks release from custody, relief he cannot obtain under § 2241. In addition, his claims are unexhausted and currently pending in state court. Considerations of comity dictate that the state courts have the opportunity to resolve these issues first.

The undersigned accordingly concludes Petitioner is plainly not entitled to relief on his Petition. It should be dismissed without prejudice to refiling (with respect to the speedy trial and reasonable bond issues) after state-court remedies are exhausted.

## IV. CERTIFICATE OF APPEALABILITY

A state prisoner seeking federal habeas corpus relief is not automatically entitled to appeal a district court's decision denying relief unless the district court issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c). A district court must issue or deny a COA "when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2254 Cases.

---

[4] Exhaustion is both an element of the recognized exception to *Younger* abstention, as well as a freestanding requirement that generally applies to all habeas corpus petitions. *See Collins v. Million*, 121 F. App'x 628, 630 (6th Cir. 2005) (finding that a petitioner is required to exhaust his state-court remedies under either § 2241 or § 2254).

To be entitled to a COA, a petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Sixth Circuit has also cautioned that "a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020).

"When a district court denies a claim on procedural grounds, the court may issue a COA only if the applicant shows 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Hill v. Bauman*, No. 20-1091, 2020 WL 4346669, at *1 (6th Cir. May 21, 2020) (quoting *Slack*, 529 U.S. at 484).

Here, reasonable jurists would not find it debatable that this Court should abstain under the circumstances presented here, as Petitioner seeks release from custody and has not exhausted his state-court remedies. A certificate of appealability, therefore, should be denied.

## V. DISPOSITION

Having reviewed the Petition under Rule 4 of the Habeas Rules, the undersigned **RECOMMENDS** that:

1. The Court **DISMISS** the Petition herein **WITHOUT PREJUDICE** to refiling (with respect to the speedy trial and reasonable bond issues) after state-court remedies are exhausted.

2. The Court **DENY** a certificate of appealability.

3. The Court **CERTIFY** that any appeal of the Court's dismissal would not be taken in good faith, and on that basis **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

The Clerk of Court is **DIRECTED** to send copies of this Report and Recommendation to Petitioner at both the Greene County Adult Detention Center and Summit Behavioral Healthcare.

### Notice Regarding Objections to this Report and Recommendations

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof.  Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court.  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

*/s/ Chelsey M. Vascura*
Chelsey M. Vascura
UNITED STATES MAGISTRATE JUDGE